**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| MICHAEL CIRRINCIONE,<br><br>Plaintiff,<br><br>v.<br><br>COUNTY OF MERCER, *et al.*,<br><br>Defendants. | Civil Action No. 25-16191 (MAS) (TJB)<br><br>**MEMORANDUM OPINION** |

**SHIPP, District Judge**

This matter comes before the Court upon Defendants the New Jersey State Police (the "NJSP"), Sergeant First Class Patrick McLaren ("Sgt. McLaren"), Sergeant Curtis Sand ("Sgt. Sand"), and Lieutenant Craig Churney's ("Lt. Churney" and, collectively with the NJSP, Sgt. McLaren, and Sgt. Sand, "Defendants") Motion to Dismiss (ECF No. 11) Plaintiff Michael Cirrincione's ("Plaintiff") Complaint (ECF No. 1). Plaintiff opposed (ECF No. 12), Defendants replied (ECF No. 13), and Plaintiff submitted a sur-reply (ECF No. 18). The Court has carefully considered the parties' submissions and reaches its decision without oral argument under Local Civil Rule 78.1(b). For the reasons below, Defendant's Motion is granted.

## I.    BACKGROUND[1]

Plaintiff alleges that, in April of 2024, he began frequently visiting the Richard J. Hughes Justice Complex ("Justice Complex") in Trenton, New Jersey to "conduct business." (Compl. ¶ 1.)

---

[1] The Court accepts the factual allegations in Plaintiff's Complaint as true and draws all inferences in the light most favorable to Plaintiff. *See Phillips v. County of Allegheny*, 515 F.3d 224, 232 (3d Cir. 2008).

Each time Plaintiff entered the building, he was forced to identify himself and was escorted by Sgt. McLaren, Sgt. Sand, and Officers John Does 1-5. (*Id.*) During various visits to the Justice Complex, Plaintiff alleges that Sgt. McLaren repeatedly screamed at him. (*Id.* ¶ 2.)

On October 18, 2024, Plaintiff went to the Justice Complex to file court documents with the Superior Court of New Jersey, Appellate Division. (*Id.* ¶ 3.) Sgt. McLaren, Sgt. Sand, and Lt. Churney (collectively, "the Officers") detained and arrested Plaintiff pursuant to a warrant for his arrest. (*Id.*) Plaintiff avers this warrant "had never been issued" to him. (*Id.*) Plaintiff was charged with harassment pursuant to N.J. Stat. Ann. § 2C:33-4(a). (*Id.* ¶ 4.) The charge was dismissed on September 18, 2025, by the Ewing Township Municipal Court, and the offense was expunged. (*Id.* ¶ 7.)

On October 1, 2025, Plaintiff filed the instant action against Defendants the County of Mercer, NJSP, and the Officers under 42 U.S.C. § 1983 ("Section 1983") and the New Jersey Civil Rights Act ("NJCRA"), N.J. Stat. Ann. § 10:6-2. (*See generally id.*) Plaintiff asserts the following causes of action: (1) unlawful arrest and false imprisonment against Sgt. McLaren, Sgt. Sand, and Lt. Churney ("Count One"); (2) failure to intervene against Sgt. McLaren, Sgt. Sand, and Lt. Churney ("Count Two"); and (3) *Monell* liability against the County of Mercer and NJSP ("Count Three"). (*Id.*[2]) For each cause of action, Plaintiff pursues monetary relief. (*Id.*)

On December 11, 2025, Defendants filed a Motion to Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). (Defs.' Mot. to Dismiss, ECF No. 11.) Plaintiff opposed on December 18, 2025 (*see generally* Pl.'s Opp'n Br., ECF No. 12), and Defendants replied (*see*

---

[2] On October 15, 2025, the County of Mercer was dismissed from this action with prejudice pursuant to a stipulation between it and Plaintiff. (ECF No. 7.)

2

*generally* Defs.' Reply Br., ECF No. 13). With leave of the Court (ECF No. 17), Plaintiff filed a

sur-reply on January 14, 2026. (Pl.'s Sur-Reply Br., ECF No. 18.)

## II.   LEGAL STANDARD

### A.   Federal Rule of Civil Procedure 12(b)(1)

Under Federal Rule of Civil Procedure 12(b)(1),[3] a defendant may move to dismiss based

on a lack of subject-matter jurisdiction. In deciding a Rule 12(b)(1) motion to dismiss, a court must

first determine whether the moving party presents a facial or factual attack because that distinction

determines how the pleading is reviewed. *See Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d

884, 891 (3d Cir. 1977). "A facial attack concerns an alleged pleading deficiency whereas a factual

attack concerns the actual failure of a plaintiff's claims to comport factually with the jurisdictional

prerequisites." *Young v. United States*, 152 F. Supp. 3d 337, 345 (D.N.J. 2015) (internal quotation

marks and citation omitted). Where, such as here, a defendant files a motion to dismiss under Rule

12(b)(1) prior to filing an answer, it is considered a facial attack. *Const. Party of Pa. v. Aichele*,

757 F.3d 347, 358 (3d Cir. 2014) (explaining that a defendant's motion was a "facial attack"

because defendant "filed the attack before it filed an[ ] answer to the [c]omplaint or otherwise

presented competing facts"); *Curlin Med. Inc. v. ACTA Med., LLC*, No. 16-2464, 2016 WL

6403131, at *2 (D.N.J. Oct. 27, 2016) ("[T]he Third Circuit's recent cases suggest that only facial

attacks, and not factual attacks, can be brought in a motion to dismiss before an answer is filed."

(citation omitted)).

---

[3] All references to "Rule" or "Rules" hereafter refer to the Federal Rules of Civil Procedure.

3

A facial challenge asserts that "the complaint, on its face, does not allege sufficient grounds to establish subject matter jurisdiction." *Iwanowa v. Ford Motor Co.*, 67 F. Supp. 2d 424, 438 (D.N.J. 1999) (citations omitted). As such, a facial challenge "calls for a district court to apply the same standard of review it would use in considering a motion to dismiss under Rule 12(b)(6), *i.e.*, construing the alleged facts in favor of the nonmoving party." *Aichele*, 757 F.3d at 358. District courts considering a facial challenge, then, must construe the allegations in the complaint as true and determine whether subject matter jurisdiction exists. *Mortensen*, 549 F.2d at 891; *Cardio-Med. Assocs., Ltd. v. Crozer-Chester Med. Ctr.*, 721 F.2d 68, 75 (3d Cir. 1983). "When subject matter jurisdiction is challenged under Rule 12(b)(1), the plaintiff must bear the burden of persuasion." *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991) (citation omitted).

## B.    Federal Rule of Civil Procedure 12(b)(6)

Rule 8(a)(2) "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

A district court conducts a three-part analysis when considering a motion to dismiss under Rule 12(b)(6). *See Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). First, the court must identify "the elements a plaintiff must plead to state a claim." *Iqbal*, 556 U.S. at 675. Second, the court must identify all of the plaintiff's well-pleaded factual allegations, accept them as true, and "construe the complaint in the light most favorable to the plaintiff." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). The court can discard bare legal conclusions or factually unsupported accusations that merely state the defendant unlawfully harmed the plaintiff. *See Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). Third, the court must determine whether "the [well-pleaded] facts alleged in the complaint are sufficient to show that

4

the plaintiff has a 'plausible claim for relief.'" *Fowler*, 578 F.3d at 211 (quoting *Iqbal*, 556 U.S. at 679). A facially plausible claim "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 210 (quoting *Iqbal*, 556 U.S. at 678). On a Rule 12(b)(6) motion, the "defendant bears the burden of showing that no claim has been presented." *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005) (citing *Fidelcor*, 926 F.2d at 1409).

In assessing a *pro se* plaintiff's complaint, the court construes a plaintiff's allegations liberally. *Beasley v. Howard*, 623 F. Supp. 3d 434, 439 (D.N.J. 2022) (citing *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). Even under this liberal standard, "pro se litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).

## III.   DISCUSSION

Defendants raise several arguments in favor of dismissing Plaintiff's Complaint: (1) all claims against NJSP and the Officers, in their official capacity, are barred under the Eleventh Amendment; (2) Counts One and Two of Plaintiff's Complaint fail to state a claim against the Officers in their individual capacity; and (3) the Officers, in their individual capacity, enjoy qualified immunity. (*See generally* Defs.' Moving Br., ECF No. 11-1.) For the reasons discussed below, the Court agrees that dismissal is appropriate.[4]

### A.   The NJSP and the Officers, in their official capacities, are immune from suit pursuant to the Eleventh Amendment.

Defendants argue that the NJSP and the Officers, in their official capacity, are immune from suit under the Eleventh Amendment, and are not "persons" amenable to suit under Section 1983 or the NJCRA. (Defs.' Moving Br. 6-10.) While Plaintiff concedes that dismissal against the

---

[4] The Court does not reach the issue of qualified immunity.

NJSP and the Officers, in their official capacities, is appropriate for the claims in which he seeks monetary relief, Plaintiff nevertheless contends that he is pursuing prospective relief to enjoin Defendants from continuing their "pattern of harassment and intimidation in a public building." (Pl.'s Opp'n Br. 4-5.) Although the Court agrees with Defendants that Plaintiff has not sought prospective relief in his Complaint and Plaintiff cannot amend his pleadings through his briefing (*see* Defs.' Reply Br. *3[5]), because Plaintiff is proceeding *pro se*, the Court will briefly address why dismissal is appropriate. *See also Pa. ex rel. Zimmerman v. PepsiCo, Inc.*, 836 F.2d 173, 181 (3d Cir. 1988) ("It is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss."); *Bivings v. Wakefield*, 316 F. App'x 177, 181 (3d Cir. 2009) ("We construe *pro se* filings liberally, and hold them 'to less stringent standards than formal pleadings drafted by lawyers.'" (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972))); *Campbell v. United States*, No. 24-5642, 2025 WL 1527463, at *1 n.1 (D.N.J. May 29, 2025) (addressing unopposed motion to dismiss on the merits in light of the plaintiff's *pro se* status (citation omitted)).

Section 1983 operates as the procedural vehicle by which a plaintiff may bring a claim for violation of constitutional rights in federal court. *See* 42 U.S.C. § 1983. "To state a claim under [Section] 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).[6]

"The Eleventh Amendment 'is a jurisdictional bar which deprives federal courts of subject matter jurisdiction' over actions against a [s]tate." *Grohs v. Yatauro*, 984 F. Supp. 2d 273, 280

---

[5] Page numbers that are preceded by an asterisk refer to the page numbers atop the ECF header.

[6] The NJCRA is closely modeled after Section 1983 and construed identically. *See, e.g., Coles v. Carlini*, 162 F. Supp. 3d 380, 404-05 (D.N.J. 2015).

6

(D.N.J. 2013) (quoting *Blanciak v. Allegheny Ludlum Corp.*, 77 F.3d 690, 693 n.2 (3d Cir. 1996)). "The state's immunity from suit also extends to 'arms' of the state, such as agencies or departments." *Id.* (citing *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 99 (1984)). Moreover, "a suit against a state official in . . . her official capacity is not a suit against the official but rather is a suit against the official's office." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989) (citing *Brandon v. Holt*, 469 U.S. 464, 471 (1985)). "As such, it is no different from a suit against the [s]tate itself" and is barred. *Will*, 491 U.S. at 71 (citations omitted).

First, NJSP is an "arm" of the state and, therefore, it is not a "person" amenable to suit under Section 1983 and the NJCRA. *See Johnson v. New Jersey*, No. 18-11299, 2024 WL 4906034, at *12 (D.N.J. Nov. 27, 2024) (dismissing Section 1983 and NJCRA claims against NJSP as not a "person" amenable to suit); *Wilson v. N.J. State Police*, No. 04-1523, 2006 WL 2358349, at *4 (D.N.J. Aug. 15, 2006) ("The NJSP is an arm of the State of New Jersey and is not subject to suit under Section 1983." (citation omitted)). Additionally, although Plaintiff contends that his failure to train, supervise, and discipline claims can proceed for prospective relief against the NJSP (Pl.'s Opp'n Br. 5), it is long settled that "a [p]laintiff cannot circumvent the [s]tate's sovereign immunity by alleging *Monell* liability under [S]ection 1983. Specifically, *Monell* liability only attaches to local governments, and does not attach to the [s]tate or its agencies." *Lepping v. County of Mercer*, No. 18-2118, 2018 WL 5263281, at *8 (D.N.J. Oct. 23, 2018) (quoting *Rouse v. N.J. Dep't of Health & Human Servs.*, No. 15-1511, 2015 WL 5996324, at *4 (D.N.J. Oct. 13, 2015)). Even if Plaintiff were to seek prospective relief against the NJSP for its alleged failure to train, supervise, and discipline its officers, Eleventh Amendment immunity would still apply regardless of the relief sought. *See Cory v. White*, 457 U.S. 85, 90-91 (1982) (holding that "the Eleventh Amendment by its terms clearly applies to a suit seeking an injunction").

7

Next, Plaintiff's claims for monetary relief against the Officers, in their official capacity, are barred under the Eleventh Amendment. As explained above, an official capacity suit is "no different from a suit against the [s]tate itself." *Will*, 491 U.S. at 71 (citations omitted). As Plaintiff recognizes, claims against state officials, in their official capacity, for prospective relief are not precluded by the Eleventh Amendment under *Ex parte Young*, 209 U.S. 123 (1908). (Pl.'s Opp'n Br. 4.) *Ex parte Young* is applied narrowly—the inquiry focuses on whether the complaint: (1) alleges an ongoing violation of federal law; and (2) seeks prospective relief. *Del. River Joint Toll Bridge Comm'n v. Sec'y Pa. Dep't of Lab. & Indus.*, 985 F.3d 189, 193-94 (3d Cir. 2021) (quoting *Verizon Md., Inc. v. Pub. Serv. Comm'n of Md.*, 535 U.S. 635, 645 (2002)). Here, the Complaint seeks redress for the Officers' past "harassing" and "intimidating" conduct as Plaintiff "attempted to conduct his business" at the Justice Complex. (*See generally* Compl.) There are, accordingly, no allegations of an ongoing violation of federal law, nor does Plaintiff assert that he is seeking injunctive relief for such violations. (*Id.*) As such, Plaintiff fails to state a claim for prospective relief against the Officers acting in their official capacity to circumvent the Eleventh Amendment's jurisdictional bar.

Finally, insofar as Plaintiff claims that sovereign immunity is different under the NJCRA and Section 1983 (Pl.'s Opp'n Br. 5), the Court does not agree. *See Brown v. State*, 124 A.3d 243, 255 (N.J. Super. Ct. App. Div. 2015), *rev'd on other grounds*, 165 A.3d 735 (N.J. 2017) ("Given that the Legislature did not choose to include an express waiver of sovereign immunity in the [NJCRA] and that the [s]tate enjoys immunity under the analogous [Section] 1983, we conclude that the [s]tate is immune from a suit for damages under the [NJCRA]."); *see also Didiano v. Balicki*, 488 F. App'x 634, 638 (3d Cir. 2012) (disagreeing that "the word 'person' should be interpreted differently in the NJCRA context than in [Section] 1983").

8

In sum, the Eleventh Amendment bars Plaintiff's suit for monetary relief against NJSP and the Officers, in their official capacity. The Court thus lacks jurisdiction to hear Plaintiff's claims against NJSP and the Officers, in their official capacity. Counts One and Two, as asserted against the Officers, in their official capacity, will be dismissed without prejudice.[7] Count Three, as asserted against NJSP, will be dismissed without prejudice and without further leave to amend because it would be futile.[8]

**B.    Plaintiff fails to state a claim upon which relief can be granted against the Officers acting in their individual capacity.**

For both Counts One and Two of Plaintiff's Complaint, Defendants argue that dismissal is warranted because Plaintiff does not allege that the Officers lacked probable cause to arrest Plaintiff. (Defs.' Moving Br. 12-16.) In response, Plaintiff contends that the Court can infer the Officers lacked probable cause to arrest Plaintiff for harassment "given the repeated dismissals and expungements" of that charge by the Ewing Township Municipal Court. (Pl.'s Opp'n Br. 6-7.) The Court addresses Counts One and Two in turn.

---

[7] The Court will permit Plaintiff to amend Counts One and Two only to the extent Plaintiff intends to seek prospective relief against the Officers acting in their official capacity. *See Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc.*, 482 F.3d 247, 251 (3d Cir. 2007) ("Our precedent supports the notion that in civil rights cases district courts must offer amendment . . . unless doing so would be inequitable or futile.").

[8] Claims barred by the Eleventh Amendment are dismissed without prejudice because "Eleventh Amendment immunity is a 'threshold, nonmerits issue' that 'does not entail any assumption by the court of substantive law-declaring power[.]'" *Merrits v. Richards*, 62 F.4th 764, 772 (3d Cir. 2023) (quoting *Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 433 (2007)). A court may, however, deny leave to amend the complaint where the plaintiff seeks to assert a claim against a defendant shielded by sovereign immunity as futile for want of jurisdiction. *See, e.g., Pickney v. Somerset Prob. Child Support Enf't*, No. 24-8474, 2025 WL 2346440, at *5 (D.N.J. Aug. 13, 2025) (dismissing state-entity without prejudice on Eleventh Amendment grounds and denying leave to amend).

### 1.    Count One: False Arrest/False Imprisonment

Claims for false arrest and false imprisonment "are merely separate names for the same" cause of action. *Roth v. Golden Nugget Casino/Hotel, Inc.*, 576 F. Supp. 262, 265 (D.N.J. 1983). To state a claim for false arrest and/or false imprisonment under Section 1983, a plaintiff must allege that there was (1) an arrest and (2) it was made without probable cause. *James v. City of Wilkes-Barre*, 700 F.3d 675, 680 (3d Cir. 2012). "Probable cause to arrest exists when the facts and circumstances within the arresting officer's knowledge are sufficient in themselves to warrant a reasonable person to believe that an offense has been or is being committed by the person to be arrested." *Merkle v. Upper Dublin Sch. Dist.*, 211 F.3d 782, 788 (3d Cir. 2000) (quoting *Orsatti v. N.J. State Police*, 71 F.3d 480, 483 (3d Cir. 1995)). Courts examine the totality of the circumstances when determining whether probable cause exists. *Peterson v. Att'y Gen. Pa.*, 551 F. App'x 626, 628-29 (3d Cir. 2014).

Plaintiff has not stated a claim for false arrest or false imprisonment because he does not allege facts suggesting that the Officers lacked probable cause for his arrest. (*See generally* Compl.) Although Plaintiff avers that an arrest warrant was never issued and that the Municipal Court dismissed his harassment charges (*Id.* ¶¶ 3-6), those allegations alone are not determinative of whether the officers had or lacked probable cause to make their arrest. Probable cause is assessed at the time of the arrest and "'[t]he validity of the arrest is not dependent on whether the suspect actually committed any crime, and 'the mere fact that the suspect is later acquitted of the offense for which he is arrested is irrelevant.'" *Meleika v. Bayonne Police Dep't*, No. 17-1958, 2020 WL 2214584, at *7 (D.N.J. May 7, 2020) (quoting *Johnson v. Campbell*, 332 F.3d 199, 211 (3d Cir. 2003)). Moreover, the Constitution permits an officer to arrest a suspect with or without a warrant if there is "probable cause to believe that a crime has been or is being committed and that the person to be arrested has committed or is committing [an offense]." *Stankevicius v. Town of*

10

*Harrison, N.J.*, No. 18-9649, 2022 WL 3273872, at *6 n.7 (D.N.J. Aug. 10, 2022) (citations omitted). Plaintiff, accordingly, "needed to point to facts suggesting that [the Officers] lacked probable cause to believe he had committed the offense for which he was arrested." *Godfrey v. Pennsylvania*, 525 F. App'x 78, 80 (3d Cir. 2013). He has not done so here. He has alleged only that he was arrested based upon allegations in a warrant that was never issued, and that his harassment charge was later dismissed by the Municipal Court. (*See generally* Compl.) Count One is, therefore, dismissed without prejudice. Plaintiff will have an opportunity to amend Count One. *See Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc.*, 482 F.3d 247, 251 (3d Cir. 2007).

### 2.    *Count Two: Failure to Intervene*

To state a claim for a Fourth Amendment violation for failure to intervene, a plaintiff must allege that: "(1) the police officer failed or refused to intervene when a constitutional violation took place in his or her presence or with his or her knowledge; and (2) there was a 'realistic and reasonable opportunity to intervene.'" *Bethea v. Delaware*, 17 F. Supp. 3d 407, 417 (D. Del. 2014) (quoting *Smith v. Mensinger*, 293 F.3d 641, 650-51 (3d Cir. 2002)).

Here, Plaintiff has not stated a claim for failure to intervene because Plaintiff has not alleged an underlying constitutional violation. As discussed previously, Plaintiff has not alleged facts sufficient to show that the Officers lacked probable cause for his arrest. While Plaintiff alleges that the Officers repeatedly restricted his movements about the Justice Complex and asked for identification upon his entry (*see* Pl.'s Sur-Reply Br. 4-5; Compl. ¶ 1), those allegations do not demonstrate a constitutional violation. An unconstitutional seizure under the Fourth Amendment "does not occur whenever there is a governmentally caused termination of an individual's freedom of movement[.]" *Kay v. Godfrey*, No. 26-09, 2026 WL 939214, at *3 (E.D. Pa. Apr. 7, 2026) (quoting *Brower v. County of Inyo*, 489 U.S. 593, 596-97 (1989)). Nor does the mere request for identification qualify as a seizure. *United States v. Cephas*, 808 F. App'x 122, 124 (3d Cir. 2020)

11

(citing *United States v. Smith*, 575 F.3d 308, 312 (3d Cir. 2009)). Count Two of the Complaint is, consequently, dismissed without prejudice. The Court will grant Plaintiff the opportunity to amend Count Two. *See Fletcher-Harlee Corp*, 482 F.3d at 251.

## IV.    CONCLUSION

For the foregoing reasons, the Court will grant Defendants' Motion. The Court dismisses Plaintiff's Complaint without prejudice in its entirety. The Court will issue an order consistent with this Memorandum Opinion.

_____
MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE

Dated: July 20th, 2026

12